UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CIVIL ACTION NO. 97-289 (MLC) |
|  | : |  |
|  | : | **MEMORANDUM OPINION** |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| DOMINICK MANZO, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

**THE COURT** having entered an order and memorandum opinion on
September 29, 2006 ("9-29-06 Mem. Op. & Ord."), inter alia, (1)
denying defendants Dominick Manzo, Carmella Manzo, and Ace-Manzo,
Inc.'s (collectively "defendants") motion for summary judgment as
to the cost recovery claims by the plaintiff the United States of
America ("United States") under 107(a) of the Comprehensive
Environmental Response, Compensation and Liability Act
("CERCLA"), 42 U.S.C. § 9607(a), (2) granting the cross motion of
the United States, on behalf of the Environmental Protection
Agency, for summary judgment and declaratory relief on the issue
of defendants' liability for $31,089,534 in unrecovered response
costs under CERCLA, (3) granting the separate cross motion of
plaintiff New Jersey Department of Environmental Protection
("NJDEP") for summary judgment and declaratory relief as to
$4,805,614 in outstanding recovery costs under the New Jersey
Spill Compensation and Control Act, 58 N.J.S.A. § 10-23.11, et

seq., and (4) ordering the United States to submit a proposed judgment to the Court based upon the relief granted in the memorandum opinion and order (dkt. entry nos. 284 & 285); and defendants now moving for reconsideration of the 9-29-06 memorandum opinion and order pursuant to Local Civil Rule 7.1(i) (dkt. entry no. 289); and the United States cross-moving for reconsideration and clarification of the 9-29-06 memorandum opinion and order pursuant to Local Civil Rule 7.1(i) (dkt. entry no. 290); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted "very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Arista Recs. v. Flea World, 356 F.Supp.2d 411, 415 (D.N.J. 2005), or advise of "an intervening change in the law," P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); and it appearing that the motion is not to be used to relitigate old issues, advance new theories, or secure a rehearing on the merits, Auerbach v. Kantor-Curley Ped. Assocs., No. 01-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004); and it appearing that a movant "must show more than a disagreement with the Court's decision, and

recapitulation of the cases and arguments considered by the court
before rendering its original decision fails to carry the
mov[ant]'s burden," <u>Schoenfeld</u>, 161 F.Supp.2d at 352; and it
appearing that the movant must raise controlling facts or
dispositive case law overlooked by the Court in rendering a
decision, and concisely specify the suspect aspects of the
decision with particularity, <u>Ciba-Geigy Corp. v. Alza Corp.</u>, No.
91-5286, 1993 WL 90412, at *1-*2 (D.N.J. Mar. 25, 1993); and

 **THE DEFENDANTS** now asserting that the Court "overlooked"
their claim that the amount due to NJDEP should be reduced by
$383,580, the amount of third party settlement funds the United
States allocated to ROD1 costs (dkt. entry no. 289, Defs. Br., at
1); and defendants further arguing that because "the United
States is time barred from recovering any amount attributable to
ROD1" and "only the State of New Jersey can pursue claims related
to ROD1 it seems appropriate that the [$383,580] should be
credited against the amount due to the State of New Jersey"
(<u>Id.</u>); and

 **THE COURT** having reviewed the defendants' arguments in
support of their motion for reconsideration; and the Court
finding that the Court did address defendants' arguments
concerning crediting a portion of the United States's settlement
money towards the amount of recovery costs owed by defendants to

NJDEP;[1] and the Court finding any further arguments advanced by
defendants in support of their motion for reconsideration without
merit; and the Court concluding that defendants are merely (1)
recapitulating the arguments raised previously, and (2) asserting
that they disagree with the Court's decision; and thus the Court
intending to deny defendants' motion for reconsideration; and

**THE COURT** having reviewed the United States's argument in
support of its cross motion for reconsideration; and the Court
concluding that the United States's argument, to the extent it
requests that the Court "clarify or reconsider a portion of the
[09-29-06] Memorandum Opinion pertaining to Declaratory
Judgments" as to future costs (dkt. entry no. 290, Pl. Br., at
4), has merit; and the Court concluding that the declaratory

---

[1]     The Court noted that:

    At the time of briefing, defendants argued that the
    total amount they owed NJDEP should be reduced to
    $4,442,034 after accounting for prior settlement
    proceeds attributable to ROD1.  (Def. Opp. Br., at 4-5
    (dkt. entry no. 275).)  Both the United States and
    NJDEP maintained that NJDEP had not received any
    settlement proceeds. (Pl. Reply Br., at 9 (dkt. entry
    no. 281); Pl. NJDEP Reply Br., at 1 (dkt. entry no.
    279).)  It is the Court's understanding that the issue
    has since been resolved through stipulation and that no
    reduction in the $4,805,614 requested by NJDEP is
    necessary.  (Tr. of 6-5-06 oral arg., at 9 (dkt. entry
    no. 266).)

(9-29-06 Mem. Op., at 8 n.2.)  The Court further noted that the
$31,089,534 in total unrecovered response costs sought by the
United States "is adjusted to reflect amounts received from prior
settlements."  (Id. at 8.)

judgment as to defendants' liability for future response costs
and damages entered by the Court pursuant to 42 U.S.C. §
9613(g)(2) should allow defendants to challenge future costs only
on the grounds that they are inconsistent with the national
contingency plan, and not merely "in response to new events or
new evidence that would reasonably bear upon the equity of the
allocation" (9-26-06 Mem. Op., at 29 (quoting Beazer E., Inc. v.
Mead Corp., 412 F.3d 429, 449 (3d Cir. 2005)); and the Court
therefore intending to grant the United States's motion for
reconsideration; and

**THE COURT** thus intending to issue an order and judgment
amending the Court's 9-26-06 memorandum opinion pursuant to
**FEDERAL RULE OF CIVIL PROCEDURE 60(a)** as follows: The section of
the opinion titled "Requests for Declaratory Judgments" is
deleted in its entirety and replaced with the following:

### VI.   Requests for Declaratory Judgments

   Both the United States and NJDEP seek a judgment
declaring that defendants are jointly and severally
liable for any additional response costs at the Site.
The current amount sought by the United States and
NJDEP only covers response costs calculated through
December 31, 2004.  (Stipulation, at ¶ 1.)  For the
following reasons, the Court will issue a judgment
declaring defendants liable for future recovery costs
consistent with the NCP.
   In a successful cost recovery action under CERCLA,
"the court shall enter a declaratory judgment on
liability for response costs or damages that will be
binding on any subsequent action or actions to recover
further response costs or damages."  42 U.S.C. §
9613(g)(2).  The United States and NJDEP have shown
that no issues of material fact exist as to defendants'

monetary liability for their costs in cleaning up the Site.  Therefore, the Court is required under CERCLA to grant both the United States's and NJDEP's requests for declaratory judgment.  The Court will do so, but with the caveat that as to any such amounts claimed in the future, the defendants will "remain able to contest the amount of response costs or whether the work undertaken was consistent with the national contingency plan." <u>U.S. v. USX Corp.</u>, 68 F.3d 811, 819 n.17 (3d Cir. 1995);

and for good cause appearing, the Court will issue an appropriate

proposed order and judgment.[2]


                              ___s/ Mary L. Cooper___
                              **MARY L. COOPER**
                              United States District Judge

---

[2]     The Court, for the reasons stated on the record in the 3-29-2007 teleconference, will issue a proposed order and judgment for comment as to the form.